MARK W. WALLIN (SBN 331915)
Mark.wallin@btlaw.com
MICHAEL P. WITCZAK (SBN 329960)
*(Admission Pending)*
michael.witczak@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

Attorneys for Defendant
DeVry University, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAINYA BELL, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEVRY UNIVERSITY, INC.; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. TBD  **'24CV2464 BEN BLM**<br><br>**DEFENDANT'S PETITION AND NOTICE OF REMOVAL**<br><br>*[Filed concurrently with declaration of [Gaurav Khurana, Declaration of Mark Wallin, and Civil Cover Sheet]*<br><br>Action Filed: November 21, 2024<br>Trial Date: Not Set |

45670160.1

DEFENDANT'S PETITION AND NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** DeVry University, Inc., ("Defendant" or "DeVry") hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to the Class Action Fairness Act, 28 U.S.C. sections 1332(d), 1441, 1446, 1453, and 1711-1715.

## I. THE STATE COURT ACTION

1. On November 21, 2024 Plaintiff Delainya Bell ("Plaintiff" or "Bell") filed an action against DeVry entitled "*Delainya Bell v. DeVry University Inc., et al.*" in San Deigo County Superior Court, Case Number 24CU024488C. A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Mark Wallin ("Wallin Decl."), ¶ 4.

2. Bell served DeVry the Summons and Complaint by personal service on November 26, 2024 via DeVry's Registered Agent for Service of Process. *Id.*

## II. REMOVAL IS TIMELY

3. Service of a summons and complaint by personal service is complete at the time it is served. Code Civ. Pro. § 415.10. A defendant in a civil action has thirty days from the date that service of the summons and complaint is complete to remove the action to federal court. 28 U.S.C. § 1446(b).

4. As set forth above, Bell served the Summons and Complaint on DeVry by personal service on November 26, 2024. Since DeVry filed this removal within thirty days of November 26, 2024, removal is timely.

///
///
///

## III. THE COURT HAS JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

5. The Court has original jurisdiction over this civil action pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. sections 1332, 1453, and 1711-1715), as: (1) it involves 100 or more potential class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregate amount-in-controversy exceeds $5,000,000.00, exclusive of costs and interest. 28 U.S.C. §§ 1332(d)(2), (d)(6), and (d)(11)(B)(i).

6. Accordingly, removal is proper under 28 U.S.C. section 1441(a) because a district court of the United States would have had original jurisdiction over this civil action on the basis of CAFA jurisdiction had the Complaint originally been brought in federal court.

### A. Class Size

7. The Complaint identifies two proposed putative classes. First, the Complaint seeks to recover damages for every claim asserted in the Complaint other than Plaintiff's claim for unreimbursed expenses on behalf of "[a]ll current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification." Complaint, ¶ 17(a). Additionally, Plaintiff seeks to certify a class of "all current and former exempt employees" who worked for DeVry during the same time period to recover damages exclusively resulting from Bell's claim for unreimbursed expenses. Complaint, ¶ 17(b).

8. DeVry has actively employed 388 non-exempt employees who worked for DeVry while residing in California since November 1, 2020. Declaration of Gaurav Khurana ("Khurana" Decl."), ¶ 5. Accordingly, there are more than the 100 alleged putative class members necessary to confer jurisdiction under CAFA.

**B.    Citizenship of the Parties**

9. Bell has pled that she was a resident of California when she worked for DeVry. Complaint, ¶ 11. DeVry's personnel records confirm that Bell's last known address demonstrated that she is a resident of California. Khurana Decl., ¶ 7. Therefore, Bell is a citizen of California. *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed).

10. For removal purposes, if a party is a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010). This is typically the place where the corporation "maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

11. At all relevant times and continuing through the present, Defendant DeVry University, Inc. was and is a corporation formed under the laws of Illinois. Khurana Decl., ¶ 4. DeVry's corporate headquarters are located in Lisle, Illinois. Its primary financial and administrative offices are located in its corporate headquarters. Additionally, DeVry's officers, and directors are located at, and direct, control, and coordinate its activities from, its corporate headquarters Illinois. *Id*. at ¶ 4.

12. Since DeVry is a citizen of Illinois, and Bell is not a citizen of Illinois, sufficient diversity of citizenship exists to support removal under CAFA. *See,* 28 U.S.§ 1332(d).

**C.    Amount in Controversy**

13. "The notice of removal may assert the amount in controversy if the initial pleading seeks: (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in

excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014). If the plaintiff or the court questions a defendant's amount in controversy allegation, removal is proper where the "district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B).

14. "Under [the preponderance of the evidence] burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the required] amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This "burden is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiffs' claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204–05 (E.D. Cal. 2008) (internal quotations omitted) (emphasis in original); see also *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

15. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is, therefore, what amount is put "in controversy" by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that occurred, if any. *Korn,* 536 F.Supp.2d, at 1204–05. The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002).

16. <u>Waiting Time Penalties</u>: Bell alleges that DeVry failed to pay all wages owed upon separation of employment to all "current and former non-exempt employees" who worked for DeVry in California from June 1, 2020 "through the date of

class certification." Compl., ¶ 17. Bell's standard schedule was 8 hours a day five days a week. Khurana Decl., ¶ 8. Bell also alleges DeVry implemented an unlawful rounding policy, meaning that Bell alleges she and other class members were underpaid by at least several minutes each and every shift they worked., Complaint ¶¶ 22-25. Because Bell alleges every class member is owed unpaid wages, and every class member is entitled to recover waiting time penalties, Bell's Complaint places 30 days' waiting time penalties at issue on behalf of every class member alleged in the Complaint. The average hourly rate of pay applicable to DeVry's non-exempt employees in California is $24.44. Khurana Decl., ¶ 6. This means non-exempt employees in California earn is $195.52 per day on average. ((average hourly rate of $24.44 x 8 hours in a workday in base pay). Since waiting time penalties accrue for 30 days, this puts the total amount in controversy for waiting time penalties at **$2,275,852.8** ($195.52 in daily wages x 30 days in waiting time penalties per employee x 388 employees).

17. <u>Claim for Off-The Clock Work</u>: Bell seeks unpaid wages for herself and each member of the potential class. Complaint, ¶ 42. Bell claims that she and the other putative class members "were required to round their hours to the nearest 15 minutes, resulting in a non-neutral and unlawful rounding policy." *Id* at ¶ 22. Bell also provides specifical example demonstrating that Bell was underpaid by 7 minutes during one specific shift. *Id* at ¶ 23.

18. DeVry has employed 388 non-exempt employees between November 1, 2020 and December 12, 2024. Khurana Decl. ¶5. In the same time frame, there has been approximately 214 workweeks. DeVry paid employees an average hourly rate of $24.44. Khurana Decl. ¶6. Bell worked 8 hour shifts 5 days per week. Khurana Decl. ¶8.

19. If it is assumed that DeVry failed to pay each class member 7 minutes for work each work day, which is a conservative estimate based upon the facts alleged in the Complaint, and the average hourly rate for non-exempt employees in California is $24.44 per hour this puts the amount in controversy for this claim at $1,1831206 ($2.85

for work each day x 5 days per week x 214 workweeks x 388 class members). Bell further seeks to recover liquidated damages pursuant to Cal. Lab. Code § 1194.2 ("[A]n employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."); Complaint, ¶43. Accordingly, Bell's claims for unpaid minimum wages and the liquidated damages thereon totals **$2,366,412** for this unpaid minimum wage claim.

20. <u>Untimely Payment of Wages</u>: Bell alleges DeVry failed to timely pay Bell and purported class members all wages owed each pay period in violation of California Labor Code sections 204, 210, and 218. Compl., ¶56. The Complaint further alleges that Bell and all purported class members are entitled to, at a minimum, a $100 penalty twice per calendar month due to DeVry's alleged failure to pay all wages owed each pay period required by statute. *Id* at ¶ 57. As discussed above, there are at least 214 workweeks at issue. This places **$4,151,600** at issue for the unpaid overtime claim ($100 penalty x 107 pay periods during the statute of limitations period x 388 alleged class members).

21. <u>Attorneys' Fees</u>: Bell seek attorneys' fees. *See, e.g.* Prayer ¶ "h". These may be included when determining the amount in controversy. *Fletcher v. Toro Co.*, 08-CV-2275 DMS WMC, 2009 WL 8405058 (S.D. Cal. Feb. 3, 2009) (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir.2005)) (requirement may be satisfied "by claims of . . . attorney's fees (if authorized by statute or contract)."). The Ninth Circuit has set an attorney fee benchmark for common fund cases, as a certified class action would likely be deemed, at 25 percent. See Paul, *Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *see also Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (citing to 3 Newberg on Class Actions, § 14.03, which explains that 20-30 percent is a usual range for a common fund award for attorneys' fees). Even if one were to apply the lower end of that range (20%) to the amount-in-controversy based on the above quantifiable claims, the potential attorneys' fees are approximately **$1,758,772.8** ($8,793,864 x 20%).

22. <u>Total Damages Put At Issue:</u> In sum, the total amount in controversy is at least **$10,552,636.80**, well in excess of the $5,000,000.00 jurisdictional minimum, as demonstrated below.

| Type of Damages | Amount in Controversy |
|---|---|
| Unpaid Minimum Wages[1] | $ 2,366,412 |
| Waiting Time Penalties | $ 2,275,852 |
| Untimely Payment of Wages | $ 4,151,600 |
| Attorneys' Fees (20%) | $1,758,772.8 |
| **Total** | $ **$10,552,636.80+** |

In addition, there are claims for unreimbursed expenses (which could amount to at a minimum $30 per month per class member) and wage statement violations (which could likely amount to at least $2,000 per class member). These claims would only further put the amount in controversy further over the jurisdictional minimum.

### IV. THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 HAVE BEEN SATISFIED

23. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

24. This Court is the proper venue because the case was filed in Superior Court of the State of California for the County of San Diego and this Court is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

///

---

[1] The total number of unpaid wages included in this chart accounts for liquidated damages resulting from Plaintiffs' claim for unpaid wages.

25. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is accompanied by the Declaration of Mark W. Wallin which attached at **Exhibit A** is a copy of all process, pleadings, and orders served on DeVry.

26. In accordance with 28 U.S.C. section 1446(b), DeVry's Notice of Removal was filed within thirty days after completion of the initial service on DeVry, which was on November 26, 2024.

27. In accordance with 28 U.S.C. section 1446(d), DeVry will give written notice of the original removal of this action to Bell via its counsel and will file a copy of that Notice with the Superior Court of the State of California for the County of San Diego.

## V. CONCLUSION

28. If this Court has any questions regarding the propriety of this Notice of Removal, DeVry respectfully requests that it issue an Order to Show Cause, so that DeVry may have an opportunity to address such questions.

Dated: December 26, 2024.                **BARNES & THORNBURG LLP**

By: */s/ Mark W. Wallin*
    Mark W. Wallin
    Michael P. Witczak
    Attorneys for Defendant
    DeVry University, Inc.