MARK W. WALLIN (SBN 331915)
Mark.wallin@btlaw.com
MICHAEL P. WITCZAK (SBN 329960)
*(Admission Pending)*
michael.witczak@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile:  (310) 284-3894

Attorneys for Defendant
DeVry University, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAINYA BELL, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEVRY UNIVERSITY, INC.; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. TBD  **'24CV2464 BEN BLM**<br><br>**DECLARATION OF MARK WALLIN IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**<br><br>*[Filed concurrently with Notice of Removal, Declaration of Gaurav Khurana, and Civil Cover Sheet]*<br><br>Action Filed:  November 21, 2024<br>Trial Date:    Not Set |

45670153.1

DECLARATION OF SCOTT J. WITLIN IN SUPPORT OF DEFENDANT'S
PETITION AND NOTICE OF REMOVAL

## <u>DECLARATION OF MARK W. WALLIN</u>

I, Mark Wallin, declare:

1.      I am an attorney licensed to practice before all of the courts of the State of California as well as this Court. I am a Partner with the law firm of Barnes & Thornburg LLP, counsel of record for Defendant DeVry University, Inc. ("Defendant").

2.      Other than matters stated on information and belief, I have personal knowledge of the matters set forth in this Declaration and, if called as a witness, could and would testify competently to them. As to any statements made on information and belief, I believe them to be true to the best of my knowledge and would so testify.

3.      I submit this Declaration in support of Defendant's Petition and Notice of Removal.

4.      Attached as **Exhibit A** is a true and correct copy of the Summons, Complaint, and accompanying documents served by Plaintiff to Defendant. The Summons; Complaint; [State Court] Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference; and Alternative Dispute Resolution (ADR) Information Package; which represent all of the documents served upon Defendant by Plaintiff as of the filing of this declaration.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on this 26th day of December, at Chicago Illinois.

/s/    *Mark W. Wallin*, Esq.
Mark W. Wallin

45670153.1

DECLARATION OF SCOTT J. WITLIN IN SUPPORT OF DEFENDANT'S
PETITION AND NOTICE OF REMOVAL

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
11/26/2024
CT Log Number 547863014

## Service of Process Transmittal Summary

**TO:**     Sarah Fischer
DeVry University, Inc.
4225 NAPERVILLE RD
LISLE, IL 60532-3656

**RE:**     **Process Served in California**

**FOR:**    DeVry University, Inc.  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DELAINYA BELL, on behalf of others similarly situated // To: DeVry University, Inc. |
| **CASE #:** | 24CU024488C |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/26/2024 at 12:59 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Sarah Fischer  sarah.fischer@devry.edu |
| | Email Notification,  Bill Caruso  bcaruso@devry.edu |
| | Email Notification,  Jeffrey Harper  jeff.harper@devry.edu |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Nov 26, 2024
**Server Name:**             Jimmy Lizama

| Entity Served | DEVRY UNIVERSITY, INC. |
|---|---|
| Case Number | 24CU024488C |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
11/21/2024 9:23:54 AM
Clerk of the Superior Court
By J. Walters        ,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DEVRY UNIVERSITY, INC. and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DELAINYA BELL, on behalf of others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego County Superior Court - Hall of Justice<br>330 West Broadway, San Diego, California 92101<br>San Diego CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nicholas J. Ferraro (SBN 306528) / Lauren N. Vega (SBN 306525)    Telephone: (619) 693-7727
Ferraro Vega Employment Lawyers, Inc. 3333 Camino Del Rio South, Suite 300, San Diego, CA 92108

DATE:                                    Clerk, by                                    , Deputy
*(Fecha)*                                *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Devry University, Inc.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Elyssa Martinez (State Bar No. 355589)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
elyssa@ferrarovega.com

*Attorneys for Plaintiff Delainya Bell*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
   11/21/2024 9:23:54 AM

Clerk of the Superior Court
By J. Walters        ,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DELAINYA BELL, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DEVRY UNIVERSITY, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.    24CU024488C<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Failure to Pay All Wages Owed<br>2. Failure to Pay All Overtime Wages<br>3. Paid Sick Leave Violations<br>4. Untimely Payment of Wages<br>5. Wage Statement Violations<br>6. Waiting Time Penalties<br>7. Failure to Reimburse Business Expenses<br>8. Unfair Competition |

CLASS ACTION COMPLAINT
*Bell v. DeVry University, Inc.*

Plaintiff DELAINYA BELL, on behalf of all others similarly ("<u>Plaintiff</u>") brings this CLASS ACTION COMPLAINT against Defendants DEVRY UNIVERSITY, INC. and DOES 1 through 50, inclusive (collectively "<u>Defendants</u>"), alleging as follows:

## **INTRODUCTION**

1.      Plaintiff brings the instant class action on behalf of himself and similarly situated current and former employees of Defendants for a series of systemic violations of the California Labor Code and IWC Wage Orders.

2.      Defendants failed to pay Plaintiff and the class members all minimum and overtime wages due to unlawful policies and practices of time rounding.

3.      Defendants failed to compensate Plaintiff and class members for all owed sick leave.

4.      Defendants failed to adequately reimburse Plaintiff and class members for all work-related expenses including home internet, desk, and chair expenses incurred in furtherance of the class members' job duties.

5.      Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to the class members.

6.      Plaintiff seeks to recover the damages, wages, interest, and penalties, in addition to attorneys' fees and costs, according to proof.

## **JURISDICTION & VENUE**

7.      Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution as the causes of action are premised upon violations of California law.

8.      The monetary damages and restitution sought exceed the minimal jurisdiction limits of the Superior Court.

9.      This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California economy so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

- 1 -

CLASS ACTION COMPLAINT
*Bell v. DeVry University, Inc.*

1       10.     Venue is proper in this Court under Code of Civil Procedure sections 393(a), 395,

2   and/or 395.5 because, upon information and belief, Defendants conducted business and committed

3   some of the alleged violations in this County.

4                                              **PARTIES**

5   **A.      Plaintiff Delainya Bell**

6       11.     Plaintiff Delainya Bell is an individual over 18 years of age who worked for Defendants

7   in California as a non-exempt employee from about October 2023 to August 2024.  Plaintiff worked

8   as an Admissions Advisor.

9   **B.      Defendants**

10      12.     Defendant DeVry University, Inc. is an Illinois corporation that maintains operations

11  and conducts business throughout the State of California, including in this county.

12      13.     The true names and capacities, whether individual, corporate, or otherwise, of the

13  parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued

14  by such fictitious names under Code of Civil Procedure section 474.  Upon information and belief,

15  each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some

16  manner for the acts and omissions alleged herein.  This Complaint may be amended to reflect their

17  true names and capacities once ascertained.

18      14.     Upon information and belief, Defendants in this action are employers, co-employers,

19  joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised

20  control over the wages, hours, and working conditions of the employees, suffered and permitted them

21  to work, and otherwise engaged them as employees under California law.

22      15.     Upon information and belief, at least some of the Defendants have common ownership,

23  common management, interrelationship of operations, and centralized control over labor relations and

24  are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and

25  omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

26      16.     Upon information and belief, Defendants acted in all respects pertinent to this action as

27  an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated

28

enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## CLASS ALLEGATIONS

17.     This action is brought individually and on behalf of the following classes pursuant to Code of Civil Procedure section 382:

    a.    All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification.

    b.    All current and former exempt employees who worked for Defendants in California at any time from four (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification who were not properly reimbursed for business expenses as set forth herein.  This class exclusively seeks damages associated with the unreimbursed expense claims set forth in this action.

18.     Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

19.     The class is ascertainable and shares a well-defined community of interest in this litigation:

    a.    <u>Numerosity</u>:  The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time.  The class is so numerous that joinder of all class members is impracticable.  The identities of class members are ascertainable by inspection of Defendants' employment and payroll records.

    b.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the other class members.  They were subject to the same policies and practices of Defendants, which resulted in losses to the class.  Proof of common unlawful business

- 3 -

1   practices, which Plaintiff experienced, will establish the right of the class to

2   recover on the causes of action alleged herein.

3       c.   <u>Adequacy</u>:  Plaintiff is an adequate class representative; will take all necessary

4            steps to protect the class members' interests adequately and fairly; has no

5            interest antagonistic to other class members; and is represented by attorneys

6            who have substantial experience prosecuting, defending, resolving, and

7            litigating wage and hour class, collective, and representative actions in

8            California state and federal courts.

9       d.   <u>Superiority</u>: A class action is superior to other means for adjudicating this

10           dispute.  Individual joinder is impractical.  Class treatment will allow for

11           common issues to be resolved in a single forum, simultaneously, and without

12           duplication of effort and expense.

13      e.   <u>Public Policy Considerations</u>:  Certification of this lawsuit as a class action

14           advances the State of California's strong public interest in ensuring its

15           approximately millions of employed residents are properly paid the wages they

16           earned for the hours they worked.  Class actions provide a mechanism for

17           enforcement of labor laws and allow for vindication of employee rights by

18           unnamed class members.

19   20.   Common questions of law and fact as to the class members predominate over questions

20   affecting only individual members.  The common questions of law and fact exist as to whether the

21   employment policies and practices formulated by Defendants and applied to the class members

22   constitute violations of California law.

23                          **GENERAL ALLEGATIONS**

24   21.   Defendants failed to pay Plaintiff and the class members at the lawful minimum wage

25   rate for all hours worked, resulting in unpaid minimum wages.

26   22.   Specifically, Defendants did not properly track all hours worked with a punch-in and

27   punch-out system which accurately captured all hours worked.  Instead, Plaintiff and the class

28   members were required to report their hours on a time card and submit it on Dayforce before the end

- 4 -

of the pay period. However, instead of reporting the hours they actually worked, Plaintiff and the class members were required to round their hours to the nearest 15 minutes, resulting in a non-neutral and unlawful rounding policy and unpaid minimum wages.

23. For example, if Plaintiff arrived at 8:56 she was required to mark that she arrived at 9:00 and if she finished work at 5:03 she was required to report she finished at 5:00. Defendants did not use a clock in/out system.

24. California courts have indicated that rounding policies are unlawful "where the employer can capture and has captured all the minutes an employee has worked." *Camp v. Home Depot USA, Inc.* (2022) 84 Cal.App.5th 638, 661. "The California Supreme Court has stated that the Labor Code and California wage orders 'contemplate[] that employees will be paid for all work performed," that this regulatory scheme in California 'is indeed concerned with "small things,"' and that 'a few extra minutes of work each day can add up.'" *Id.* at 660, quoting *Troester v. Starbucks Corp.* (2018) 5 Cal.5th 829 (internal citations omitted).

25. Plaintiff is informed and believes that this policy was not neutral as she and other class members regularly worked more than the hours they were paid for.

26. Plaintiff's time records show perfectly rounded hours. However, due to this unlawful policy, these records do not reflect the hours actually worked by Plaintiff and the class members. These hours are incorrect and resulted in unpaid minimum wages each time Plaintiff and the class members effectively removed hours worked.

27. An illustrative example of these perfectly rounded time records is shown on Plaintiff's time records on August 27, 2024.

28. Defendants failed to pay Plaintiff and the class members overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages.

29. To the extent that Defendants unlawful policy and practice of time rounding resulted in unpaid hours worked over 8 hours in a day or 40 hours in a week this resulted in unpaid overtime.

30. Defendants failed to comply with California's paid sick leave laws with respect to the class members. Due to Defendant's unlawful time rounding policy, Defendant failed to properly credit Plaintiff and the class members with their full accrued sick leave.

- 5 -

CLASS ACTION COMPLAINT
*Bell v. DeVry University, Inc.*

31.     The failure to calculate and pay sick leave at one of the lawful rates set forth in Labor Code § 246(l)(1)-(3) and 247 *et seq.* was applied as a matter of common policy and practice to class members.

32.     Defendants required Plaintiff and the class members, both exempt and non-exempt, to incur costs for work-related purposes without full reimbursement.

33.     Specifically, Plaintiff and the exempt and non-exempt class members were required to work from home.  However, while working from home, Plaintiff and the class members were required to use their home internet without any reimbursement from Defendants.

34.     Additionally, Plaintiff had to buy herself a desk and desk chair without reimbursement.

35.     Thus, in direct consequence of their job duties, Plaintiff and the class members unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice. To the extent Defendants reimbursed class members, those amounts were underpaid.

36.     Defendants failed to accurately state the "gross wages earned" and "net wages earned" in violation of Labor Code § 226(a)(1) and (5), as Plaintiff and class members were underpaid for regular and overtime wages and paid sick leave, resulting in an inaccurate and depreciated itemization of gross and net wages earned on those wage statements.

37.     Second, Defendants violated Labor Code section 226(a)(2) by failing to accurately include the uncompensated time Plaintiff and other class members worked due to Defendant's unlawful policy and practice of time rounding.

38.     Third, in violation of Labor Code section 226(a)(9), the hourly rates and corresponding hours worked at those rates are incorrectly listed on Plaintiff's and class members' wage statements. Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages owed to employees. The amounts stated are instead depreciated and underpaid, resulting in an inaccurate reflection on the pay stub.

39.     These violations create derivative liability for failure to pay all wages owed each payday or upon separation of employment.

- 6 -

CLASS ACTION COMPLAINT
*Bell v. DeVry University, Inc.*

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES OWED**

**Violation of Labor Code §§ 200, 218, 1194, 1194.2 and 1197**

**(All Claims Alleged by Plaintiff and Class Members Against All Defendants)**

40. All outside paragraphs of this Complaint are incorporated into this section.

41. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 200, 218, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state or local minimum wage (if higher) for each hour of work, and further provide a private right of action for an employer's failure to pay all minimum wages (plus liquidated damages). In addition to minimum wages, Labor Code § 200 states that "'wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

42. Defendants willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect. As a result, Defendants are liable for all associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

43. Defendants' unlawful acts and omissions deprived Plaintiff and class members of minimum, regular and overtime wages in amounts to be determined at trial. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2, 218.6 and any other applicable statutes.

- 7 -

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY ALL OVERTIME WAGES**

**Violation of Labor Code §§ 510 and 1194**

44. All outside paragraphs of this Complaint are incorporated into this section.

45. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

46. Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

47. Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY ALL PAID SICK LEAVE WAGES**

**Violation of Labor Code §§ 200, 218, 246 *et seq.***

48. All outside paragraphs of this Complaint are incorporated into this section.

49. Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.* Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

- 8 -

50.     Labor Code section 246(l), in conjunction with Labor Code section 248 *et seq.,* 248.1, 248.2, and 248.6, in addition to the applicable County sick pay ordinances in locales worked by class members, govern how Defendants were required to calculate paid sick leave.

51.     Defendants failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute or ordinancey because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members (i.e., at the regular rate of pay and/or calculated based on total wages earned).

52.     Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct accrual rate or hourly pay rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

53.     As a result, Defendants violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

### UNTIMELY PAYMENT OF WAGES

#### Violation of Labor Code §§ 204, 210, 218

54.     All outside paragraphs of this Complaint are incorporated into this section.

55.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.  Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

56.     Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

- 9 -

CLASS ACTION COMPLAINT
*Bell v. DeVry University, Inc.*

57.     Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## FIFTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

#### Violation of Labor Code § 226

58.     All outside paragraphs of this Complaint are incorporated into this section.

59.     This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

60.     Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members. Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

61.     Defendants' unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

62.     As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

- 10 -

**SIXTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**Violation of Labor Code §§ 201 *et seq*.**

63.     All outside paragraphs of this Complaint are incorporated into this section.

64.     This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

65.     Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

66.     Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**Violation of Labor Code § 2802**

67.     All outside paragraphs of this Complaint are incorporated into this section.

68.     Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

69.     Defendants' unlawful acts and omissions deprived Plaintiff and class members of lawful reimbursements for business expenses in amounts to be determined at trial.  Plaintiff and class members are entitled to recover the amount unreimbursed expenses of Plaintiff and class members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

- 11 -

CLASS ACTION COMPLAINT
*Bell v. DeVry University, Inc.*

# EIGHTH CAUSE OF ACTION

## UNFAIR COMPETITION

### Violation of Business and Professions Code §§ 17200 *et seq.*

70.    All outside paragraphs of this Complaint are incorporated into this section.

71.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

72.    Defendants' dependence on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws.  These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

73.    Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

74.    Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

75.    Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.*  Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

CLASS ACTION COMPLAINT
*Bell v. DeVry University, Inc.*

1

**PRAYER**

2       Plaintiff prays for judgment as follows:

3       a.      For certification of this action as a class action;

4       b.      For appointment of Plaintiff as the class representative;

5       c.      For appointment of above-captioned counsel for Plaintiff as Class Counsel;

6       d.      For division of class members into appropriate classes and/or subclasses according to

7               proof;

8       e.      For recovery of all statutory penalties and liquidated damages;

9       f.      For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

10      g.      For restitution and injunctive relief;

11      h.      For attorneys' fees and costs of suit, including expert fees, to the extent permitted by

12              law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802 and

13              Code of Civil Procedure § 1021.5.;

14      i.      For recovery of damages in amount according to proof;

15      j.      For all recoverable pre- and post-judgment interest; and

16      k.      For such other relief the Court deems just and proper.

17

18      Dated: November 21, 2024              ***Ferraro Vega Employment Lawyers, Inc.***

19

20                                           *Nicholas J. Ferraro*
                                             Nicholas J. Ferraro
21                                           *Attorney for Plaintiff Delainya Bell*

22

23

24

25

26

27

28

- 13 -

CLASS ACTION COMPLAINT
*Bell v. DeVry University, Inc.*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nicholas J. Ferraro (SBN 306528) / Lauren N. Vega (SBN 306525)<br>Ferraro Vega Employment Law, Inc.,<br>3333 Camino del Rio South, Suite 300, San Diego, CA 92108<br>TELEPHONE NO.: (619) 693-7707      FAX NO.: (619) 350-6855<br>EMAIL ADDRESS: nick@ferrarovega.com / lauren@ferrarovega.com<br>ATTORNEY FOR *(Name):* Plaintiff Delainya Bell | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**11/21/2024 9:23:54 AM**<br><br>Clerk of the Superior Court<br>By J. Walters          ,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego |
|---|
| STREET ADDRESS: 330 West Broadway, San Diego, California 92101 |
| MAILING ADDRESS: 330 West Broadway |
| CITY AND ZIP CODE: San Diego 92101 |
| BRANCH NAME: San Diego County Superior Court - Hall of Justice |

| CASE NAME:<br>Delainya Bell v. Devry University, Inc. | |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**      [ ] **Limited**<br>(Amount            (Amount<br>demanded        demanded is<br>exceeds $35,000)   $35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24CU024488C |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve                courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence              court
                                                             f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 8 - Wage and Hour Claims
5. This case [x] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 21, 2024

Nicholas J. Ferraro                                    ► *Nicholas J. Ferraro*
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.                     Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 24CU024488C                    CASE TITLE: Bell vs Devry University Inc

**NOTICE:** **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
        **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
        **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
        **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference**:  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>**Local ADR Programs for Civil Cases**</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection</u>:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10</u> et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>**Legal Representation and Advice**</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:     330 W. Broadway

MAILING ADDRESS:     330 W. Broadway

CITY AND ZIP CODE:     San Diego, 92101

BRANCH NAME:     Central

| FOR COURT USE ONLY |
| --- |

PLAINTIFF(S):   Delainya Bell

DEFENDANT(S):   Devry University Inc

SHORT TITLE: BELL VS DEVRY UNIVERSITY INC

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 24CU024488C |
| --- | --- |

Judge:   JAMES MANGIONE                                         Department:   C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)

☐  Mediation (private)

☐  Voluntary settlement conference (private)

☐  Neutral evaluation (private)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

☐  Non-binding private arbitration

☐  Binding private arbitration

☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Non-binding judicial arbitration (discovery until 30 days before trial)

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                                                     Name of Defendant

_____                    _____
Signature                                                               Signature

_____                    _____
Name of Plaintiff's Attorney                                    Name of Defendant's Attorney

_____                    _____
Signature                                                               Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/22/2024

_____
JUDGE OF THE SUPERIOR COURT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
| | |
|---|---|
| STREET ADDRESS: | 330 W. Broadway |
| MAILING ADDRESS: | 330 W. Broadway |
| CITY AND ZIP CODE: | San Diego, 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: 619-450-7075 | |

PLAINTIFF(S) / PETITIONER(S):  Delainya Bell

DEFENDANT(S) / RESPONDENT(S):  Devry University Inc

BELL VS DEVRY UNIVERSITY INC

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 24CU024488C |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: JAMES MANGIONE                                    Department: C-75

**COMPLAINT/PETITION FILED:** 11/21/2024

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT |
|---|---|---|---|
| Case Management Conference | 05/02/2025 | 10:30 AM | C-75 |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:.** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC.  Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.