# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/26/2024 1:21:42 PM
Clerk of the Superior Court
By T. Cutts ,Deputy Clerk

MARK W. WALLIN (SBN 331915)
Mark.wallin@btlaw.com
MICHAEL P. WITCZAK (SBN 329960)
michael.witczak@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile:  (310) 284-3894

Attorneys for Defendant
Devry University, Inc.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DELAINYA BELL, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEVRY UNIVERSITY, INC.; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 24CU024488C<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Action Filed: November 21, 2024<br>Trial Date:    Not Set |

45715235.1

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant DeVry University, Inc. ("Defendant") hereby submits its Answer to the Complaint filed by Plaintiff Delainya Bell ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant denies, generally and specifically, every allegation in Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

Defendant also asserts the following alternative affirmative defenses to Plaintiff's causes of action.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action Upon Which Relief Can Be Granted)

Defendant alleges that neither Plaintiff's Complaint, nor any cause of action alleged therein, states facts sufficient to constitute a cause of action against Defendant for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Plead with Certainty and Particularity)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is not pled with sufficient particularity, and thus fails as uncertain, vague, ambiguous, and/or unintelligible.

## THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitations)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, the statute of limitations set forth in California Code of Civil Procedure sections, 337, 338, 339, 340, and 343; California Government Code sections 12960 and 12965; and/or any alleged applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, fails, in whole or in part, to the extent that Plaintiff lacks standing to assert or bring any of the claims alleged in the Complaint against Defendant or to obtain the relief sought therein. Defendant specifically alleges

1  that there is no private right of action for Plaintiff's claim for "paid sick leave violations", and,
2  therefore, Plaintiff cannot recover the penalties sought for that claim.

### FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands, Estoppel, Waiver)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, and/or waiver, by virtue of Plaintiff's acts, failures to act, conduct, representations, admissions, and the like.

### SIXTH AFFIRMATIVE DEFENSE

(Laches)

Defendant alleges that any recovery on Plaintiff's Complaint, and any claim for relief alleged therein, is barred, in whole or in part, by the doctrine of laches, in that Plaintiff unjustifiably delayed prosecution of this action to the detriment of Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

(Consent)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiffs and alleged putative Class/Subclass Members at all relevant times, gave their consent, express or implied, to the alleged acts, conduct, and/or omissions of Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

(Ratification)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, on the grounds that Plaintiff and alleged putative Class/Subclass Members ratified Defendant's alleged actions.

### NINTH AFFIRMATIVE DEFENSE

(No Regular Business Practice)

Defendant alleges that Plaintiff's Complaint fails to establish a regular business practice or unlawful pattern of conduct by or on behalf of Defendant.

**TENTH AFFIRMATIVE DEFENSE**

(Good Faith Actions)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, fails, in whole or in part, because at all times relevant hereto, Defendant complied in good faith with all employment laws, labor laws, and alleged applicable laws, as well as reasonable interpretations of the same, pertaining to the employment of Plaintiff and alleged putative Class/Subclass Members.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Willful Conduct)

Defendant alleges that even if Defendant engaged in the conduct alleged by Plaintiff, which allegations Defendant denies, such actions or failures to act were not willful.

**TWELFTH AFFIRMATIVE DEFENSE**

(All Wages Received)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiffs and alleged putative Class/Subclass Members have received all income and wages to which they have ever been entitled.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Misrepresentation and Reliance Thereon)

Defendant alleges that Plaintiff is barred from recovering relief to the extent Plaintiff and alleged putative Class/Subclass Members knowingly misrepresented certain facts to Defendant, including, without limitation, the hours they worked, and Defendant employed and paid Plaintiff and alleged putative Class/Subclass Members in reliance on such misrepresentations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Basis for Knowledge)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, fails, in whole or in part, because any alleged unpaid wages for regular or overtime hours which Plaintiff and alleged putative Class/Subclass Members now claim were worked were either unauthorized, were actively concealed from Defendant, and/or there was no reasonable basis why Defendant knew or should have known of such work.

## FIFTEENTH AFFIRMATIVE DEFENSE

(*Bona Fide* Dispute)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, fails, in whole or in part, because there exists a *bona fide* dispute as to whether any further compensation is actually due to Plaintiff and alleged putative Class/Subclass Members; and, if so, the amounts thereof.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Follow Instructions)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, fails, in whole or in part, because any failure on the part of Plaintiff and alleged putative Class/Subclass Members to comply with Defendant's work-time recording policies and requirements, was the result of Plaintiff and alleged putative Class/Subclass Members failure to follow Defendant's reasonable instructions and wage and hour policies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Wage Statements Furnished)

Defendant alleged that it furnished proper wage statements to Plaintiff and alleged putative Class/Subclass Members pursuant to the provisions of the California Labor Code, the applicable Wage Order, and/or any alleged applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Conduct not Knowing or Intentional – Wage Statements)

Defendant alleges that even if Plaintiff and alleged putative Class/Subclass Members were not provided with proper itemized wage statements, which Defendant denies, Plaintiff and alleged putative Class/Subclass Members are not entitled to recovery because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional" failure under California Labor Code section 226(e), and/or Plaintiff and alleged putative Class/Subclass Members were not injured by the failure.

## NINETEENTH AFFIRMATIVE DEFENSE

(No Waiting Time Penalties)

Defendant alleges that to the extent Plaintiff and alleged putative Class/Subclass Members seek

statutory penalties for an alleged willful failure to comply with the requirements of the California Labor Code, such penalties are barred, or must be reduced, because Defendant did not willfully violate the requirements of California Labor Code sections 201, 202 and 203, or any applicable California Labor Code section, and a good faith dispute exists concerning such alleged violations.

## TWENTIETH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

Defendant alleges that Plaintiff and alleged and/or putative Class/Subclass Members had a duty to use such means as are reasonable under the circumstances to avoid or mitigate any alleged injury, damage, or alleged loss that resulted from alleged statutory violations, if any; that to the extent there were any statutory violations (which is not admitted, but considered solely for purposes of this affirmative defense), Plaintiff and alleged putative Class/Subclass Members unreasonably failed to avoid or reduce harm, including by failing to utilize Defendant's internal complaint procedures so that if there was any violation, it would be promptly corrected, remedied, and prevented from repeating and recurring; and that Plaintiff and alleged putative Class/Subclass Members are therefore barred from any recovery based on any harm that could have been reasonably avoided.

## TWENT-FIRST AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Defendant alleges that if Plaintiff and alleged putative Class/Subclass Members suffered any injury, damage, or loss as a result of the facts alleged in the Complaint, which Defendant denies, Plaintiff and alleged putative Class/Subclass Members are not entitled to recover the amount of loss alleged, or any recovery at all, due to their failure to make reasonable efforts to mitigate or minimize the losses incurred, if any, namely by utilizing Defendant's internal complaint procedures.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, as to recoverable relief based on after-acquired evidence Defendant has presently and/or may acquire during the course of this litigation.

45715235.1

5

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Speculative Recovery)

Defendant alleges that Plaintiff and alleged putative Class/Subclass Members are precluded from recovering the damages, statutory penalties, and/or civil penalties alleged in the Complaint, because the Complaint is uncertain and subject to dismissal under Code of Civil Procedure section 430.10. Additionally, relief sought by the Complaint is too vague, uncertain, and speculative to permit recovery.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(No Penalties)

Defendant alleges that Plaintiff's Complaint, and any claim for relief alleged therein, fails to allege facts sufficient to establish a claim for penalties.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(No Right to Pre-Judgment Interest)

Defendant alleges that Plaintiff and alleged putative Class/Subclass Members are barred from recovering pre-judgment interest because any alleged damages are not certain, or capable of being made certain, by any calculation.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(No Attorneys' Fees)

Defendant alleges that Plaintiff's Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

Defendant alleges that Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, because any recovery, or a portion of recovery being requested by Plaintiff and alleged putative Class/Subclass Members, would constitute unjust enrichment.

///

///

///

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Offset)

Defendant alleges that if any alleged injuries were in fact suffered by Plaintiff and alleged putative Class/Subclass Members, Defendant is entitled to an offset or set off for any amounts already received by Plaintiffs and alleged putative Class/Subclass Members from Defendant.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Uncertifiable Putative Class)

Defendant alleges that Plaintiff's class claims, and those of the putative Class/Subclass Members, are barred because Defendant has not engaged in actions of the kind alleged that are generally applicable to the putative Class/Subclass Members, and as such, this action is not properly maintainable and/or does not qualify for certification under the requirements for a class action.

### THIRTIETH AFFIRMATIVE DEFENSE

(Insufficient Numerosity)

Defendant alleges that the putative Class/Subclasses are not so numerous that joinder of all putative Class/Subclass Members is impracticable; and, therefore, Plaintiffs cannot meet the prerequisites for a class action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Insufficient Commonality)

Defendant alleges that questions of law and/or fact common to putative Class/Subclass members do not predominate, and that, conversely, individualized questions and proof peculiar to each cause of action and putative Class/Subclass Members predominate; and, therefore, Plaintiff cannot meet the prerequisites for a class action.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Insufficient Typicality)

Defendant alleges that the claims of Plaintiff and any other putative Class/Subclass representative are not typical of those of the putative Class/Subclasses that Plaintiffs purport to represent, and/or are subject to unique defenses by Defendant; and, therefore, Plaintiffs cannot meet the prerequisites for a class action.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Insufficient Community of Interest)

Defendant alleges that the class allegations in the Complaint are improper as a matter of law because there is no community of interest in the claims asserted by Plaintiff and those of putative Class/Subclass Members; and, therefore, Plaintiff cannot meet the prerequisites for a class action.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Inadequacy of Putative Class Representative)

Defendant alleges that Plaintiff is not an adequate or suitable representative for the putative Class/Subclasses that Plaintiff purports to represent, and that the claims of Plaintiff are not representative of those of putative Class/Subclass Members; and, therefore, Plaintiff cannot meet the prerequisites for a class action.

### RESERVATION OF RIGHTS

Defendant alleges that it presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates their appropriateness or suitability.

### REQUEST FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues.

### PRAYER

Defendant pray for judgment as follows:

(1) That this action be dismissed in its entirety, with prejudice;

(2) That Plaintiff and alleged Putative Class or Subclass Members take nothing by way of the Complaint;

(3) That judgment be entered in favor of Defendant and against Plaintiff;

(4) That Defendant be awarded its costs of suit and, where authorized by law, attorneys' fees incurred in defense of this action; and

For any such alleged and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| Dated: | December 26, 2024 | **BARNES & THORNBURG LLP** |

By: _____
Mark W. Wallin
Michael P. Witczak
Attorneys for Defendant
DeVry University, Inc.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 300, Los Angeles, California 90067. On **December 26, 2024**, I served the foregoing document(s) described as: **DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** on interested parties below, using the following means:

Nicholas J. Ferraro
Lauren N. Vega
Elysssa Martinez
**FERRARO VEGA EMPLOYMENT LAWYERS, INC.**
3333 Camino Del Rio South, Suite 300
San Diego, California
nick@ferrarovega.com
lauren@ferrarovega.com
elyssa@ferrarovega.com

*Attorneys for Plaintiff Delainya Bell*

☒ **BY UNITED STATES MAIL** I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ **BY MESSENGER SERVICE:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed on the Service List and providing them to a professional messenger service for service.

☐ **BY ELECTRONIC TRANSMISSION**. Pursuant to California Rules of Court, Rule 2.251(c)(3) and Los Angeles County Superior Court Local Rule 3.4(a), I caused the document(s) described above to be transmitted to the Court's electronic service provider, Express Network, and thereby caused the document(s) described above to be sent to the respective e-mail address(es) of the recipient(s) set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **December 26, 2024** at Los Angeles, California.

Monica Martinez
Print Name

*/s/ Monica Martinez*
Signature

PROOF OF SERVICE